### TURNER v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. October 16, 1916.)

No. 4581.

PATENTS ⟨⟩326(4)—INJUNCTION—VIOLATION—PROCEEDINGS FOR PUNISHMENT.
    A proceeding for civil contempt for violation of an injunction, begun and prosecuted by the complainant in an infringement suit to preserve an individual property right, and so heard, should not, in disregard of his interest, be turned at the end into a criminal prosecution, merely to speed a hearing in an appellate court.

    [Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 615–619; Dec. Dig. ⟨⟩326(4).]

In Error to the District Court of the United States for the District of Minnesota; Page Morris, Judge.

Proceeding in error by C. A. P. Turner against the United States to review an order adjudging him guilty of criminal contempt. On motion to dismiss. Motion granted.

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Frank A. Whiteley, of Minneapolis, Minn. (Charles J. Williamson, of Washington, D. C., on the brief), for plaintiff in error.

James A. Carr, of St. Louis, Mo., as amicus curiæ.

A. C. Paul, of Minneapolis, Minn., specially appearing for Drum and others, in support of the motion to dismiss.

Before HOOK and ADAMS, Circuit Judges, and ELLIOTT, District Judge.

HOOK, Circuit Judge. There is a motion to dismiss this writ of error. It is claimed that in a proceeding against Turner, the plaintiff in error, for a civil contempt by violating an injunction in a patent case, the fine assessed against him was changed from its proper remedial character to a punitive one in favor of the United States, and that it was done solely for his convenience to facilitate a review by this court, and against the objections of the plaintiff in the case and the United States attorney.

On June 7, 1915, a decree of perpetual injunction and for an accounting was rendered against Turner in the court below in a suit brought by John L. Drum for infringement of a patent. Turner adopted a "new construction," which he claimed did not infringe the patent in suit, but which the plaintiff Drum claimed was but a formal and immaterial change; so on July 23, 1915, Drum filed a "petition for attachment for contempt." A hearing was had on this petition on August 3, 1915, upon proofs consisting of affidavits and exhibits. The affidavits were largely by experts and of a technical character. The experts testified as to the scope of the patent in suit, and of the opinion of this court upon which the decree of injunction was rendered, and as to the character of Turner's new construction. On August 7th the trial court entered an order in the suit in equity holding Turner in contempt, fining him $200, and specifying that "said sum, at the request of defendant's [Turner's] counsel, * * * to be paid to the clerk of this court for the use and benefit of the United States." Both parties, plaintiff Drum and defendant Turner, excepted to the order. The former claimed that the proceeding was a remedial part of the main equity cause, and the fine should be for his benefit. Turner objected on the ground, among others, that in view of the new and changed character of his construction the issue could not be tried in contempt proceedings. On August 30th the court entered a second order of the same general purport as the first, except that, instead of being in the equity cause, it was entitled "The United States of America v. Claude A. P. Turner." The fine remained at $200, and execution was provided for its collection. This order was entered without notice to either of the parties, as they claim. On September 14th the plaintiff in the equity suit moved to strike this order from the files. Turner also moved to strike from the files the first order of August 7th, in which it was recited that the fine was made payable to the United States at the request of his counsel. This recital might have endangered a writ of error. On September 16th both motions were granted, and the court entered a third order as of August 3, 1915, nunc pro tunc; that being the day of the hearing of plaintiff's peti-

tion for attachment. This order was made in the equity case, recited the appearance of counsel therein, that plaintiff's petition in the contempt proceeding came on for hearing, and that the affidavits and exhibits referred to were considered. After a statement as to the arguments the order contains this recital:

"The court asked how a judgment against the defendant could be immediately brought before the Circuit Court of Appeals for review. Counsel for the plaintiff Drum then stated to the court that such an adverse judgment might be reviewed by the Circuit Court of Appeals upon appeal from the final decree after the termination of the accounting. Counsel for the defendant then stated that such an adverse judgment would be reviewable immediately upon writ of error, if the fine imposed were made payable to the United States. Whereupon the court adjudged the defendant to be guilty of contempt in violating the injunction order, and directed that the defendant should be fined in the penal sum of two hundred dollars ($200), said fine to be made payable to the United States so that the order and judgment shall be reviewed immediately by the Circuit Court of Appeals of the Eighth Circuit."

This was followed by the formal language of an order imposing a fine payable to the United States to be collected by execution, and a stay thereof for a limited time for a bill of exceptions and writ of error. The plaintiff excepted to the order, because the contempt proceeding was a remedial part of the original equity cause, and the fine should be for his benefit, and also because the fine was made payable to the United States solely to aid defendant in taking the matter to this court. The defendant Turner excepted on several grounds involving the merits of his new construction as compared with plaintiff's patent, and that the controversy should not be tried in a contempt proceeding. The United States attorney for the district appeared and objected to the order, because the contempt adjudged was civil and the government was not concerned.

The order just described is the one which Turner seeks to have reviewed. The United States is the sole defendant in error, yet by his assignments of error Turner invokes the judgment of this court upon his new construction and the original patent in suit. The distinctions between a civil proceeding for contempt in aid of the rights of a litigant and a proceeding of a criminal or punitive character to vindicate the jurisdiction or authority of a court of justice are well settled, and so are the distinctive features of the trials and the methods of securing review in appellate courts. Gompers v. Buck's Stove & Range Co., 221 U. S. 418, 31 Sup. Ct. 492, 55 L. Ed. 797, 34 L. R. A. (N. S.) 874; Doyle v. London Guarantee Co., 204 U. S. 599, 27 Sup. Ct. 313, 51 L. Ed. 641; Bessette v. W. B. Conkey Co., 194 U. S. 324, 24 Sup. Ct. 665, 48 L. Ed. 997; In re Nevitt, 117 Fed. 448, 54 C. C. A. 622. A proceeding of the former character, begun and prosecuted by a litigant to preserve an individual property right, should not, in disregard of his interest, be turned by the court at the end into a criminal prosecution, merely to speed a hearing in an appellate court. It is quite plain that is what occurred below. While the prayer of plaintiff's petition for the process in contempt did not definitely indicate its character, yet taken in its entirety there is no doubt but that the proceeding in form, substance and intent was of a

civil or remedial character. After setting forth the facts in detail, the petition concluded with the averment that, if not granted, "the long and expensive litigation carried on herein will be fruitless, and petitioner's interests will be irretrievably and irreparably damaged." The nature of the controversy and the method of trial point to the same conclusion. The attitude of the United States attorney is mentioned merely as one of the incidents of the proceeding below. We do not consider or decide whether the consent or participation of such an officer is essential to the protection or vindication of the authority of a court of the United States by a prosecution for criminal contempt.

Defendant's very objection that the controversy was of a character that should not be tried in a contempt proceeding would be much stronger, if the proceeding were a criminal prosecution in which he might, if found guilty, be imprisoned as for a definite, completed offense. There is nothing in the record indicating that the court thought its decree of injunction had been willfully or contemptuously violated. On the contrary, the order shows that the fine was made payable to the United States "so that" the controversy could be immediately brought here on writ of error, instead of awaiting a slower appeal in the equity case. And the result is that it is proposed by Turner to have a more or less difficult question of patent infringement heard here in a proceeding in error to which his adversary is not a party, and in which the party substituted, the government, refuses to appear. The power of a court of the United States to protect and vindicate its dignity and authority by imposing fines and sentences of imprisonment is a most important one. It should be exercised very carefully and sparingly, and should not be placed at the service of a private litigant for his procedural purposes.

The writ of error is dismissed.