## DOYLE *v.* LONDON GUARANTEE AND ACCIDENT COMPANY, LIMITED.

### CERTIFICATE FROM THE CIRCUIT COURT OF APPEALS FOR THE THIRD CIRCUIT.

No. 155. Argued January 11, 1907.—Decided February 25, 1907.

An order punishing for contempt made in the progress of the case, when not in the nature of an order in a criminal proceeding is an interlocutory order and to be reviewed only upon appeal from a final decree in the case.

The Circuit Court of Appeals has no jurisdiction upon writ of error sued out by defendants from an order of the Circuit Court adjudging them guilty of contempt in disobeying an order for production of books and papers, and also adjudging that they produce same and pay costs within a specified period or that in default thereof they pay a fine and be committed.

*Bessette* v. *W. B. Conkey Co.,* 194 U. S. 324, followed and *Matter of Christensen Engineering Co.,* 194 U. S. 458, distinguished.

Questions certified in 134 Fed. Rep. 125, answered.

THE facts, which involve the jurisdiction of the Circuit Court of appeals to review orders in contempt, are stated in the opinion.

*Mr. E. Clinton Rhoads,* with whom *Mr. John C. Bell* was on the brief, for Doyle:

There is no magic about a contempt case which forbids Appellate Courts to rectify a wrong done by the lower court.

The only difficulty has been to find the proper machinery.

When the United States Circuit Courts of Appeal were established, their appellate jurisdiction included criminal cases. As this proceeding in contempt is a criminal proceeding, that court has jurisdiction. *Bessette* v. *Conkey,* 194 U. S. 324; *Christensen case,* 194 U. S. 458; *Alexander case,* 201 U. S. 117.

All cases of contempt are primarily criminal in their nature, and are separable from any litigation to which they are incident.

All cases of disobedience to the orders of a court, which are properly contempts, are criminal cases, and that the term civil contempt is properly applicable to cases which are in substance executions, such as attachments for the payment of money, fines which are merely compensatory in their nature, orders for the payment of alimony, and orders for the payment of sums found to be due in probate courts and in similar cases. *New Orleans* v. *Steamship Co.,* 20 Wall. 387, 392; *Passmore Williamson case,* 26 Pa. St. 9.

The appellate court has authority to relieve from a void order. *In re Chetwood,* 165 U. S. 443; *Commonwealth* v. *Perkins,* 124 Pa. St. 36.

A writ of error is the proper method of review. *Bullock* v. *West,* 129 Fed. Rep. 105; *Bessette* v. *Conkey,* 194 U. S. 324.

*Mr. Thomas Raeburn White* for London Guarantee and Accident Company:

The Circuit Courts of Appeals have jurisdiction to review the action of Circuit or District Courts by writ of error or appeal only after final judgment in the court below. Act of March 3, 1891, ch. 526, 26 Stat. L. 828.

A final judgment or decree is one which leaves nothing further to be done in the case except execution of the judgment of the court. *Grant* v. *Phœnix Life Ins. Co.,* 106 U. S. 429; *St. Louis &c. Ry. Co.* v. *Southern Express Co.,* 108 U. S. 24; *Robinson* v. *Belt,* 56 Fed. Rep. 328.

It matters not that the question sought to be reviewed involves an attack upon the jurisdiction of the lower court, an appeal or writ of error cannot be considered until after the final disposition of the case. *McLish* v. *Roff,* 141 U. S. 661.

Contempt proceedings are of two classes, vindicatory and remedial.

In *Bessette* v. *W. B. Conkey Co.*, 194 U. S. 234, this court fully recognized the distinction between civil and criminal cases. *In re Nevitt*, 54 C. C. A., 622; *S. C.*, 117 Fed. Rep. 448.

Vindicatory contempt proceedings are the only ones reviewable on writ of error by the Circuit Courts of Appeals prior to the termination of the main suit. *Bessette* v. *Conkey, Co.*, 194 U. S. 324; *Matter of Christensen Co.*, 194 U. S. 458; *Alexander* v. *United States*, 201 U. S. 117; *Bullock Co.* 'v. *Westinghouse Co.*, 129 Fed. Rep. 105.

Remedial contempt proceedings are a part of the main suit, and can be reviewed on writ of error or appeal only after final judgment in the court below. *Hayes* v. *Fischer*, 102 U. S. 121; *Bessette* v. *Conkey*, 194 U. S. 324; *Heinze* v. *Butte & Boston Co.*, 194 U. S. 632; *King* v. *Wooten*, 54 Fed. Rep. 612; *In re Nevitt*, 117 Fed. Rep. 448.

MR. JUSTICE DAY delivered the opinion of the court.

This case is here upon certificate from the Circuit Court of Appeals for the Third Circuit. From the facts stated it appears that William J. Doyle and James G. Doak were adjudged guilty of contempt of court in the Circuit Court of the United States for the Eastern District of Pennsylvania. After the bringing of the action, upon the petition of the London Guarantee and Accident Company, Limited, the plaintiff below, the court made the following order:

"And now, June 25th, 1904, the court orders the defendants to produce, within twenty days, in the office of the clerk of said court, their pay sheets, time books, cash books and all other books of original entry which contain information as to the amount of compensation paid to employees of themselves or of their subcontractors or of any other persons contemplated in the contracts upon which suit is brought in this case during the period of said contracts as set forth in the petition filed."

After that order was made the certificate recites:

"Thereafter the plaintiff presented to the court a petition.

alleging disobedience by the defendants of the above order and praying that an attachment issue against them for contempt of court. Thereupon the court granted a rule upon the defendants to show cause why an attachment should not issue against them for contempt of court by reason of their violation and disobedience of said order. To this rule the defendants filed an answer under oath, denying intentional non-compliance with said order and stating that they were not able to produce all the books and papers called for, because upon a thorough search the absent ones could not be found and averring their belief that they were accidentally lost or by mistake were destroyed at a time when alterations were made in their office and a removal of its contents to another place occurred. Subsequently, to wit, on January 3d, 1905, upon the hearing of the rule, the court gave and entered judgment that the 'defendants are guilty of contempt in disobeying the order referred to,' and further adjudged as follows:

"If the defendants produce in the office of the clerk of the Circuit Court on or before January 15th, 1905, the ledger of 1902–4, the pay rolls or time sheets from March to May 28, 1903, and the cash book from May 28 to December 1, 1902, or if they produce the cash book alone, they are ordered to pay no more than the costs accruing upon this motion, including the stenographer's charges, on or before January 20, or in default of such payment to suffer imprisonment in the jail of this county for the period of sixty days. If the foregoing books and papers are not produced on or before January 15, the defendants are ordered to pay a fine of two hundred and fifty dollars, and also the cost accruing upon this motion, including the stenographer's charges, on or before January 20, or in default of such payment to suffer imprisonment in the jail of this county for the period of sixty days."

A writ of error was allowed to the Circuit Court of Appeals. Upon the facts stated the following question was certified to this court:

"Has the Circuit Court of Appeals jurisdiction upon the writ of error sued out by the defendants to review the above recited judgment of January 5th, 1905, adjudging that the defendants are guilty of contempt of court in disobeying the above recited order of court of June 25th, 1904, and imposing upon the defendants a fine of $250.00 on the specified conditions and terms?"

Cases involving the right to review orders of the Federal courts in matters of contempt have been so recently before this court that an extended discussion of the principles involved is unnecessary. *Bessette* v. *W. B. Conkey Company*, 194 U. S. 324; *Matter of Christensen Eng. Co.*, 194 U. S. 458; *Alexander* v. *United States*, 201 U. S. 117.

In *Bessette* v. *W. B. Conkey Co.*, *supra*, a question was certified here from the Circuit Court of Appeals of the Seventh Circuit, involving the jurisdiction of that court to review an order in a contempt proceeding finding the petitioner guilty of contempt for violation of an order of the Circuit Court, and imposing a fine. In that case the subject underwent a full examination and the previous cases in this court were cited and reviewed. As a result of those decisions we deem it settled that an order punishing for contempt made in the progress of the case, when not in the nature of an order in a criminal proceeding, is regarded as interlocutory and to be reviewed only upon appeal from a final decree in the case. *Matter of Christensen Eng. Co.*, 194 U. S. 458. In *Bessette* v. *Conkey Co.*, *supra*, it was pointed out that this court had no jurisdiction to review judgments in contempt proceedings criminal in their nature under the power to punish for contempt defined by Congress, 1 Stat. 83, and limited by the act of March 2, 1831. 4 Stat. 497, Rev. Stat. sec. 725.

The right to review a judgment in a contempt proceeding in the Circuit Court of Appeals was derived from the Circuit Court of Appeals act, section 6, of which Mr. Justice Brewer, speaking for the court in the *Bessette case*, said:

"So when, by section 6 of the Court of Appeals act, the

Circuit Courts of Appeals are given jurisdiction to review the 'final decisions in the District Court and the existing Circuit Courts in all cases other than those provided for in the preceding section of this act, unless otherwise provided by law,' and the preceding section gives to this court jurisdiction to review convictions in only capital or otherwise infamous crimes, and no other provision is found in the statutes for a review of the final order in contempt cases, upon what satisfactory ground can it be held that the final decisions in contempt cases in the Circuit or District Courts are not subject to review by the Circuit Courts of Appeals? Considering only such cases of contempt as the present—that is, cases in which the proceedings are against one not a party to the suit, and cannot be regarded as interlocutory—we are of the opinion that there is a right of review in the Circuit Court of Appeals."

And again, in the same case, it is said:

"As, therefore, the ground upon which a review by this court of a final decision in contempt cases was denied no longer exists, the decisions themselves ceased to have controlling authority, and whether the Circuit Courts of Appeals have authority to review proceedings in contempt in the District and Circuit Courts depends upon the question whether such proceedings are criminal cases."

It therefore appears that the only right of review given to the Circuit Court of Appeals in contempt proceedings is derived from the act giving that court such right in criminal cases. In the course of the discussion in the *Bessette case* it is said that proceedings for contempt may be divided into those which have for their purpose the vindication of the authority and dignity of the court, and those seeking to punish parties guilty of a disregard of such orders as are remedial in their character, and intended to enforce the rights of private parties, to compel obedience to orders and decrees made to enforce their rights and to give them a remedy to which the court deems them entitled. And it is said that the one class is

criminal and punitive in its nature, in which the Government and the public are interested, and the other civil, remedial and coercive in its character, in which those chiefly concerned are individuals whose private rights and remedies are undertaken to be protected and enforced. From the discussion in that case it clearly appears that proceedings which are criminal in their nature and intended for the vindication of public justice, rather than the coercion of the opposite party to do some act for the benefit of another party to the action, are the only ones reviewable in the Circuit Court of Appeals under its power to take jurisdiction of and determine criminal cases.

In that case, and in the cases generally, where the right of review has been recognized, the party prosecuted has been other than one directly interested in the suit and brought into it for the purpose of punishing a known violation of an order in defiance of the authority and power of the court. In such case the proceeding is entirely independent and its prosecution does not delay the conduct of the action between the parties to final decree. True it is that in some cases, as in the *Christensen case,* 194 U. S. 458, the punishment for contempt which has been held reviewable is for a past act of a party in violation of an order made for the benefit of the other party. In that case one-half of the fine imposed went to the United States, and was not intended for the enforcement of an order in favor of a party, but rather for the vindication of the authority of the court, and punishment for an act done in violation of the court's order, and it was held that such judgment was in a criminal proceeding and reviewable in the Circuit Court of Appeals. In the present case, while it is true that the fine imposed is not made payable to the opposite party, compliance with the order relieves from payment, and, in that event, there is no final judgment of either fine or imprisonment.

"It may not be always easy," said the learned justice, speaking for the court in the *Conkey case,* "to classify a particular act as belonging to either one of these two classes

[speaking of vindicatory and remedial proceedings]; it may partake of the character of both. A significant and general determinative feature is that the act is by one party to the suit, in disregard of a specific order made in behalf of the other; yet sometimes disobedience may be of such a character and in such a manner as to indicate a contempt of the court other than a disregard of the rights of the adverse party."

In view of the principles which we deem settled by the adjudications referred to, the question decisive of the present case, therefore, is: Was the judgment rendered in the contempt proceeding criminal in its nature, and having for its object the vindication of the authority of the court, or was it one in the nature of a proceeding to enforce an order seeking the protection of the rights of the party to the suit for whose benefit it was made?

The certificate does not fully indicate the character of the action in which the order was made; yet sufficient appears from which it is to be inferred that the action before the court was one in which it was necessary for the protection of the plaintiff that an inspection of the books and papers of the defendant be had. The defendants were required to produce in the office of the clerk the time books, cash books, etc., containing information as to the amount of compensation paid to the employés of themselves or subcontractors, or to any other persons contemplated in the contracts upon which suit was brought. The court deemed it proper, in view of certain contracts between the parties, that these books and papers be opened for inspection for the benefit of the plaintiff. And, after hearing the parties, it was adjudged that if they produce the books they should be liable only for the costs of the proceedings or in default of payment suffer imprisonment for a period of sixty days. And if the books and papers were not produced on or before January 15 a fine of $250 and costs was imposed or in default of payment thereof imprisonment in the county jail for the period of sixty days. We think it is apparent from a perusal of this order, in the light of the state-

ment of facts under which it was made, that its object and purpose was to obtain information for the benefit of the plaintiff in the suit to which the court found it entitled, and that the punishment of fine and imprisonment, which was in the alternative, was imposed,. not for the vindication of the dignity or authority of the court, in the interests of the public, but in order to secure, for the benefit of the plaintiff, a compliance with the order of the court as to the production of the books. The case clearly falls within the class of contempt proceedings which are not criminal in their nature, and are not reviewable before final decree. The proceeding is against a party, the compliance with the order avoids the punishment, and there is nothing in the nature of a criminal suit or judgment imposed for. public purposes upon a defendant in a criminal proceeding.

It may be true, as said in argument, that unless the party complies with the order he may be subjected to fine or imprisonment, and if the order cannot be reviewed until after final decree it may come too late to be of any benefit to the party aggrieved. But the power to punish for contempt is inherent in the authority of courts, and is necessary to the administration of justice and part of the inconvenience to which a citizen is subject in a community governed by law regulated by orderly judicial procedure. As has been said, while the party may suffer imprisonment, "he carries the keys of the prison in his own .pocket," *In re Nevitt,* 117 Fed. Rep. 448, and by compliance with the order of the court may. deliver himself from punishment.

But whatever the hardship, the question now before the court is as to the authority of the Circuit Court of Appeals to review judgments in contempt proceedings. In the Circuit Court of Appeals act, as construed by this court, the jurisdiction of the Circuit Court of Appeals is extended to the right to review judgments entered before final decree in the action out of which the contempt proceedings arose where the order is final and in a proceeding of a criminal nature.

Beyond this, the jurisdiction of the court has not been carried, and, in our opinion, no right of review exists in such a case as is shown in the certificate before us, in advance of a final decree in the case in which the order was made.

It is urged by counsel for plaintiff in error that the only authority of the Circuit Court to make an order for the production of books and papers in a common law action is under section 724 of the Revised Statutes of the United States, providing for the production of papers after issue joined. But the question certified is not as to the lack of authority of the Circuit Court to make the order for want of jurisdiction, a question which might arise upon a *habeas corpus* proceeding, but concerns the right of the Circuit Court of Appeals to review an order made in the Circuit Court, undertaking to punish for contempt for violation of an order made in other than a proceeding of a criminal character. The Circuit Court of Appeals Act of 1891 gives no right to review other than final judgments in the District and Circuit Courts, except in injunction orders, as provided in § 7 of the act. *McLish* v. *Roff*, 141 U. S. 661, 668.

For the reasons stated we think the Circuit Court of Appeals has no jurisdiction to review the judgment set forth in the certificate, and the question certified will be answered in the negative.

MR. JUSTICE PECKHAM took no part in the decision of this case.