NOTE:  This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**AEVOE CORP.,**
*Plaintiff-Appellee,*

**v.**

**AE TECH CO., LTD.,**
*Defendant-Appellant,*

AND

**S&F CORPORATION, (doing business as SF Planet Company AND SF Planet Corporation), AND GREATSHIELD, INC.,**
*Defendants.*

---

2013-1149

---

Appeal from the United States District Court for the District of Nevada in No. 12-CV-0053, Judge Gloria M. Navarro.

---

**ON MOTION**

---

Before RADER, *Chief Judge*, DYK and WALLACH, *Circuit Judges*.

RADER, *Chief Judge*.

# O R D E R

The companies involved in this patent infringement case in the United States District Court for the District of Nevada are Aevoe Corp., the owner of U.S. Patent No. 8,044,942 (the '942 patent); and the defendants, AE Tech, S&F Corporation, and Greatshield, Inc. (collectively AE Tech), which manufacture and sell the touch screen protectors that allegedly infringe the '942 patent. The appeal, by AE Tech, is from an order of the district court entered on November 27, 2012, awarding Aevoe lost profits and attorney fees as sanctions for violating the court's preliminary injunction order. Aevoe now moves to dismiss the appeal for lack of jurisdiction.

Soon after commencing this action, Aevoe moved for a preliminary injunction to prohibit the sale of the defendants' touch screen protectors. That motion, which was unopposed by the defendants, was granted by the district court in January 2012. Shortly thereafter, AE Tech informed Aevoe of their intention to sell a redesigned screen protector product. Once Aevoe had purchased the new product and concluded it still infringed the '942 patent, Aevoe filed a motion to hold the defendants in contempt for violating the preliminary injunction order.

On May 2, 2012, the district court granted that motion. An order amending the preliminary injunction to include language prohibiting the sale of products that infringed the '942 patent or any "colorable imitation" thereof was entered by the district court on the same day. AE Tech appealed from that ruling, which is pending before this court. Meanwhile, the district court ordered AE Tech to pay Aevoe $1,140,701.83 in lost profits and $60,941.75 in attorneys' fees as sanctions for violating the

court's preliminary injunction. Arguing that this court does not have jurisdiction over that ruling, Aevoe moves to dismiss.

This court ordinarily has appellate jurisdiction over only "final decisions" of the district courts. 28 U.S.C. § 1291. The Supreme Court has long stated "as a general rule a district court's decision is appealable under [§ 1291] only when the decision 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 275 (1988) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)). A case in which all that has been done is conduct pre-trial proceedings and award sanctions for contempt for actions arising out of those proceedings cannot be said to leave nothing for the district court to do but execute judgment. *See Fox v. Capital Co.*, 299 U.S. 105, 108 (1936); *Doyle v. London Guar. & Accident Co.*, 204 U.S. 599, 603 (1907); *see also Cunningham v. Hamilton Cnty.*, 527 U.S. 198, 204 (1999).

AE Tech argues that this court should exercise pendent jurisdiction over the district court's ruling in light of the fact that the court will soon address the amended injunction order. We do not agree. The exercise of pendent appellate jurisdiction is reserved only for extraordinary circumstances where "that appeal is 'inextricably intertwined' with another appeal over which [the court already has jurisdiction] such that it is necessary to review both 'to ensure meaningful review.'" *Entergris, Inc. v. Pall Corp.*, 490 F.3d 1340, 1348 (Fed. Cir. 2007) (citing *Clinton v. Jones*, 520 U.S. 681, 707 n.41 (1997); *Swint v. Chambers County Comm'n*, 514 U.S. 35, 51 (1995).

This court has thus applied the doctrine of pendent jurisdiction only sparingly when the appealable order required reviewing the otherwise unreviewable decision. For example, we exercised pendent jurisdiction to review

a district court's grant of summary judgment of invalidity on the ground that the order denying a preliminary injunction properly on appeal was premised on the summary judgment ruling. *See Helifax, Ltd. v. Blok-Lok, Ltd.*, 208 F.3d 1339, 1345 (Fed. Cir. 2000).

Here, there is no indication that considering the issues in the sanctions appeal would impact or resolve the issues regarding the injunction ruling. This court has declined to exercise pendent jurisdiction under similar circumstances, *see Entergris*, 490 F.3d at 1349, and we see no reason why that narrow doctrine should be applied in this case. This court therefore grants the motion to dismiss.

Accordingly,

IT IS ORDERED THAT:

(1) The motion to dismiss is granted.

(2) Each side shall bear its own costs.

FOR THE COURT

/s/ Jan Horbaly
Jan Horbaly
Clerk

s25

ISSUED AS A MANDATE: April 26, 2013