# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-50720

United States Court of Appeals
Fifth Circuit

**FILED**
September 13, 2018

Lyle W. Cayce
Clerk

In re:  OLEG JANKOVIC,

Petitioner

Petition for a Writ of Mandamus
to the United States District Court
for the Western District of Texas
USDC No. 5:10-CV-713

Before SOUTHWICK, HAYNES, and HO, Circuit Judges.

PER CURIAM:*

In 2012, Respondents[1] obtained a judgment against Oleg Jankovic, now exceeding over $13 million.  Since that time, they have engaged in post-trial discovery without success in collecting on the judgment.  Pertinent to this mandamus petition, they have repeatedly attempted to obtain Jankovic's business entities' tax returns covering the last eight years.  The district court concluded that Jankovic has been uncooperative with those efforts.  In July 2017, the district court issued an order of contempt, finding that Jankovic had

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Respondents are Howard Lowry and Patrick Lowry, Individually, and as Owners on Behalf of Tariq Al-Waffa for General Trading & Trading Agencies Company.

"thwart[ed] the execution of correct and proper IRS authorizations" that would allow Respondents to obtain the relevant tax returns from the Internal Revenue Service directly.  On January 4, 2018, Respondents moved to hold Jankovic in contempt for failing to comply with the July 2017 order.  After a hearing[2], the district court issued an order conditionally granting the motion for contempt.  The district court ordered that Jankovic had until July 9

> to do whatever is necessary, including but not limited to correct and proper authorizations, letters to the IRS Commissioner, letters to his Congressmen to help expedite the process, daily calls and visits to the Internal Revenue Services (IRS) headquarters, and anything else that he needs to do, to have the IRS provide to the plaintiffs directly all of the tax returns on file with the IRS for JAI and JAI Holdings[3] from 2010 to the present or, if no tax returns are on file with the IRS, an official statement or documentation from the IRS proving that no tax returns exist for JAI and JAI Holdings for the tax years requested.

On July 6, Jankovic filed a motion to modify the conditional order, claiming he had substantially complied with the order and seeking an extension of the performance deadline.  In response, the district court noted that Jankovic had "produced no independent documents verifying [his] efforts," but granted an extension until August 24 to afford Jankovic "one last opportunity to comply with all of the Court's previous orders or to present verifiable evidence of his efforts to do so."  Jankovic did not do so.  Thus, on August 28, the district court issued an order of contempt that ordered Jankovic incarcerated until he purged himself of the contempt.  Jankovic then filed this

---

[2] Jankovic argues the district court violated his due process rights by failing to hold a hearing before issuing the order of contempt.  But the district court held a hearing on March 21, 2018 at which "evidence was presented," and Jankovic testified.

[3] JAI and JAI Holdings are Jankovic's companies.  JAI refers to Jankovic and Associates, Inc., a co-defendant in the underlying suit and party to the 2012 judgment.

No. 18-50720

petition for writ of mandamus and a motion to stay the order of contempt pending the mandamus proceeding.  Because of the limited time before the contempt order would take effect, we granted a temporary stay to allow time for a response and proper consideration of the petition and motion.  We now VACATE the temporary stay order, DENY the motion to stay, and DENY the petition for writ of mandamus.

Mandamus is an extraordinary remedy, and a petitioner must meet three requirement before a writ can issue: (1) "the party seeking issuance of the writ must have no other adequate means to attain the relief he desires"; (2) "the petitioner must satisfy the burden of showing that his right to issuance of the writ is clear and indisputable"; and (3) "the issuing court, in exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *In re Volkswagen*, 545 F.3d 304, 311 (5th Cir. 2008) (en banc) (internal alterations and quotation marks omitted).  Jankovic does not explicitly address any of these factors in his petition.  More importantly, he does not meet any of them.

First and foremost, he fails to show that appeal is not an "adequate means" to obtain relief.  A civil contempt order is appealable after final judgment. *See Doyle v. London Guar. & Accident Co.,* 204 U.S. 599, 603 (1907) (finding that "an order punishing for contempt . . . is . . . to be reviewed only upon appeal from a final decree in the case"). Mandamus may not serve as a substitute for the appeals process. *In re Avental, S.A.*, 343 F.3d 311, 317 (5th Cir. 2003).  The petition fails on this point alone.

However, even if we reached the next two prongs, Jankovic fails to make the necessary showing.   To the extent Jankovic claims his right is clear and

3

indisputable because the district court abused its discretion,[4] we disagree. Construing the district court's order of conditional contempt as requiring Jankovic to complete the specific actions listed in the order[5], we find the district court was within its discretion to find clear and convincing evidence that Jankovic failed to comply. *See Hornbeck Offshore Servs., L.L.C.*, 713 F.3d at 792 (noting that a court must find contempt by clear and convincing evidence). Although Jankovic stated that he had submitted authorization forms to the IRS, repeatedly communicated with the IRS regarding the tax returns, and written to his congressional representatives, he provided no documentation that he had done so. In addition, Respondents submitted a status report to the district court explaining that as of August 24, 2018, they had received no pertinent information from Jankovic.[6] Thus, because Jankovic failed to show a clear and indisputable right to the writ, we VACATE the temporary stay order, DENY the motion to stay, and DENY the petition for the writ of mandamus.

---

[4] "We review contempt findings for abuse of discretion, but 'review is not perfunctory.'" *Hornbeck Offshore Servs., L.L.C., v. Salazar*, 713 F.3d 787, 792 (5th Cir. 2013) (quoting *Crowe v. Smith*, 151 F.3d 217, 226 (5th Cir. 1998)). Facts are accepted as true unless clearly erroneous, but we review questions of law de novo. *Id.*

[5] Had the district court simply ordered Jankovic to "do whatever is necessary" to obtain the returns from the IRS, we would have a more difficult question. However, we need not reach that question here because the district court specified particular actions, and Jankovic has not complied with those specific requirements.

[6] Jankovic argues the contempt order is properly characterized as criminal because his inability to force the IRS to produce his tax returns means he cannot purge the contempt. But as noted *supra*, the contempt order required Jankovic to complete specific actions, all of which were within his power to accomplish.