NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SABINSA CORP.,**
*Plaintiff-Appellee*

**v.**

**HERBAKRAFT, INC.,**
*Defendant*

**PRAKRUTI PRODUCTS PVT. LTD.,**
*Defendant-Appellant*

---

2023-2002

---

Appeal from the United States District Court for the District of New Jersey in No. 1:14-cv-04738-RBK-SAK, Senior Judge Robert B. Kugler.

---

Before DYK, CUNNINGHAM, and STARK, *Circuit Judges*.

PER CURIAM.

## O R D E R

Following this court's show cause order directing the parties to address whether this appeal should be dismissed for lack of jurisdiction, we dismiss.

The district court sanctioned Prakruti Products PVT. Ltd. ("Prakruti") for discovery misconduct. The court

thereafter held Prakruti in "civil contempt" for failing to comply with the sanctions order, directed the clerk of court to enter default, and scheduled briefing on default judgment. Prakruti filed this appeal, even though the motion for default judgment remains pending.

In general, we only have jurisdiction to review a "final decision" from district court, 28 U.S.C. § 1295(a)(1)—one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945). Here, Prakruti does not appeal from such a decision. "[C]ivil contempt orders [against parties] are not final judgments, even when a fine is assessed," *Entegris, Inc. v. Pall Corp.*, 490 F.3d 1340, 1347–48 (Fed. Cir. 2007), and "the entry of default is an 'interlocutory act and, as such, a non-final order.'" *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 n.15 (2d Cir. 2011) (citation omitted).

Accordingly,

IT IS ORDERED THAT:

(1)  The appeal is dismissed.

(2)  Each party shall bear its own costs.

                                    FOR THE COURT

October 20, 2023                    /s/ Jarrett B. Perlow
     Date                           Jarrett B. Perlow
                                    Clerk of Court