# United States Court of Appeals for the Federal Circuit

2006-1368


INTERNATIONAL ELECTRONIC TECHNOLOGY CORP.,

Plaintiff-Appellant,

v.


HUGHES AIRCRAFT COMPANY, DIRECTV, INC.,
and THOMSON CONSUMER ELECTRONICS, INC.,

Defendants-Appellees.



Patrick F. Bright, Nordman, Cormany, Hair & Compton LLP, of Oxnard, California, for plaintiff-appellant.

Steven J. Rizzi, Weil, Gotshal & Manges LLP, of New York, New York, for defendants-appellees. With him on the brief were Steven D. Glazer and Paul E. Torchia.


Appealed from: United States District Court for the Central District of California

Senior Judge Mariana R. Pfaelzer

# United States Court of Appeals for the Federal Circuit

2006-1368

INTERNATIONAL ELECTRONIC TECHNOLOGY CORP.,

Plaintiff-Appellant,

v.

HUGHES AIRCRAFT COMPANY, DIRECTV, INC.,
and THOMSON CONSUMER ELECTRONICS, INC.,

Defendants-Appellees.

Before GAJARSA and MOORE, <u>Circuit Judges</u>, and JORDAN, <u>Circuit Judge</u>.[*]

GAJARSA, <u>Circuit Judge</u>.

## ORDER

This court is once again confronted with a case in which the parties have failed to determine the finality of the appealed judgment. Finality is a predicate of this court's jurisdiction. Article III of the U.S. Constitution requires that jurisdiction be premised on a "case and controversy." Without jurisdiction, courts would be rendering advisory opinions. Therefore, a court in the first instance must determine whether or not it has subject matter jurisdiction even <u>sua sponte</u>. <u>See</u> <u>Freytag v. Comm'r</u>, 501 U.S. 868, 891 (1991).

---

[*] Honorable Kent A. Jordan, Circuit Judge, United States Court of Appeals for the Third Circuit, sitting by designation.

The Supreme Court has noted that "[e]very federal appellate court has a special obligation to satisfy itself . . . of its own jurisdiction . . . even though the parties are prepared to concede it." Bender v. Williamsport Area Sch. Dist., 475 U.S. 534 (1986) (internal quotations omitted); see also Kinetic Builder's Inc. v. Peters, 226 F.3d 1307 (Fed. Cir. 2000). The parties here raised no objection to our jurisdiction. The court requested the parties to review the jurisdictional issue and to determine whether or not there was a final judgment of the district court. The court requested that the parties, if it was determined that the judgment appealed from was not final, obtain a judgment by the district court under Federal Rule of Civil Procedure 54(b). The parties have now admitted that the judgment is not final and that the district court has declined to grant a Rule 54(b) motion.

This court's jurisdiction over appeals of patent cases arising under 28 U.S.C. § 1338 is defined by statute in 28 U.S.C. § 1295(a)(1). A final decision, as defined by the Supreme Court, is a decision issued by the trial court which "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Coopers & Lybrand v. Livesay, 437 U.S. 463, 467 (1978) (quoting Catlin v. United States, 324 U.S. 229, 233 (1945)). We apply our own law, rather than regional circuit law, to questions relating to our own appellate jurisdiction. Nystrom v. Trex Co., 339 F.3d 1347, 1349-50 (Fed. Cir. 2003).

In the present case the defendants-appellees, Hughes Aircraft Company, DIRECTV, Inc., and Thompson Consumer Electronics, Inc., filed with their answer to the complaint declaratory judgment counterclaims of invalidity and non-infringement. The district court granted a summary judgment of non-infringement in favor of the defendant.

In the euphoria of victory, the defendants did not dismiss the outstanding counterclaims, and those counterclaims remain extant. A notice of appeal was subsequently filed by the plaintiff, International Electronic Technology Corporation.

This court, upon reviewing the briefs and the appendices, found neither dismissal of the counterclaims nor a Rule 54(b) determination by the district court. Rule 54(b) provides that a district court may "direct entry of final judgment as to one or more but fewer than all the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Fed. R. Civ. P. 54(b). The parties have failed to obtain such a partial judgment and the other possible avenues of finality have not been followed. See Nystrom, 339 F.3d at 1347.

This court has often rebuked parties for presenting an appeal to this court without a final judgment. See Pause Tech. LLC v. TiVo Inc., 401 F.3d 1290, 1293 (Fed. Cir. 2005) ("Despite our repeated admonitions, this court again confronts an appeal with a jurisdictional defect. For whatever reasons, parties too frequently are not reviewing the actions of the district courts for finality before lodging appeals."); see also Enzo Biochem, Inc. v. Gen-Probe Inc., 414 F.3d 1376 (Fed. Cir. 2005); Silicon Image, Inc. v. Genesis Microchip, Inc., 395 F.3d 1358 (Fed. Cir. 2005); Nystrom, 339 F.3d at 1350. The parties are required to certify that the judgment being appealed is final. In this particular case, the appellant filed an appeal on a non-final judgment and the appellee has not objected. Our Federal Circuit rules require that the "jurisdictional statement includ[e] a representation that the judgment or order appealed from is final or, if not final, the basis for appealability." Fed. Cir. R. 28(a)(5); see also Fed. R. App. P. 28(a)(4)(B).

The court takes umbrage at parties who have not carefully screened their cases to ascertain whether or not a judgment is final. It is incumbent on all parties to do so. The court should not be required or obligated to scrub every case to determine finality. At this time, the court shall not issue an order to show cause as to whether both parties should be cited or sanctioned for failing to determine finality before filing; however, the parties and other members of the bar are hereby placed on notice that the court shall in the future begin to cite counsel for failure to determine whether or not the appealed judgment is final.

Without finality at the district court, this court cannot entertain the present appeal. Accordingly, the appeal is dismissed for lack of jurisdiction.

FOR THE COURT

January 26, 2007          <u>s/Arthur J. Gajarsa</u>
Arthur J. Gajarsa
Circuit Judge