NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-1088

WHIRLPOOL CORPORATION and WHIRLPOOL PATENTS COMPANY,

Plaintiffs-Appellants,

v.

LG ELECTRONICS, INC. and LG ELECTRONICS U.S.A., INC.,

Defendants-Appellees,

and

GENERAL ELECTRIC COMPANY,

Defendant-Appellee.

ON MOTION

Before NEWMAN, RADER, and LINN, <u>Circuit Judges</u>.

RADER, <u>Circuit Judge</u>.

### O R D E R

LG Electronics, Inc. and LG Electronics U.S.A., Inc. (LG) move to dismiss the appeal filed by Whirlpool Corporation and Whirlpool Patents Company (Whirlpool). LG states that General Electric Company joins the motion. Whirlpool opposes. LG replies. The parties also submit letters in support of their positions.

Whirlpool sued LG and General Electric for infringement of two patents. LG and General Electric filed counterclaims seeking declaratory judgments of noninfringement of both patents, declaratory judgments of invalidity of both patents on various grounds, and a declaratory judgment of unenforceability of one of the patents. The parties filed various motions for summary judgment, but LG and General Electric did not file motions for summary judgment concerning all issues underlying the declaratory judgment

counterclaims. The district court granted summary judgment of noninfringement of the first patent and invalidity of the second patent. The district court denied the other summary judgment motions as moot and entered a "judgment." Whirlpool filed an appeal.

Whirlpool argues that it can appeal, despite the lack of entry of a judgment dismissing or denying the defendants' counterclaims, because the district court's intent to deny those counterclaims is clear from the circumstances. We disagree. As LG notes, the defendants' motions for summary judgment did not raise all of the issues that are raised by the counterclaims. Thus, by denying summary judgment only on the issues raised by motions for summary judgment, the district court did not clearly decide all of the relief sought by the counterclaimants.

Because not all claims for relief were disposed of, and no judgment was entered pursuant to Fed. R. Civ. P. 54(b), there is no final judgment and the appeal must be dismissed as premature. Nystrom v. Trex Co., Inc., 339 F.3d 1347 (Fed. Cir. 2003); International Elec. Tech. Corp. v. Hughes Aircraft Co., --- F.3d ---, 2007 WL 189341 (Fed. Cir. Jan. 26, 2007).

Accordingly,

IT IS ORDERED THAT:

(1)    The motion to dismiss is granted.

(2)    Each side shall bear its own costs.

                                        FOR THE COURT


_____March 1, 2007_____          /s/ Randall R. Rader_____
          Date                        Randall R. Rader
                                      Circuit Judge


2007-1088                    - 2 -

cc:     David A. Boehnen, Esq.
        Larry S. Nixon, Esq.
        Richard L. Stroup, Esq.
s8

ISSUED AS A MANDATE: _____