PROST, Chief Judge,
dissenting in part.
I respectfully dissent' from the majority’s decision to remand this case to the district court for further proceedings regarding the injunction while keeping it in force. The correct course of action would be to vacate the portions of the injunction that improperly reach Cooler Master (who has not been found to infringe the asserted patents) in its own capacity.
The district court issued an injunction that included two key provisions. The first, Paragraph (2), enjoins certain activities of CMI—the adjudicated infringer in this case—“and those persons in active concert or participation” with it. The second, Paragraph (3), goes much further. It enjoins the independent activities of Cooler Master, an entity that was not a party to the *1368 liability portions of the case.[1] While Paragraph (2) is proper under Federal Rule of Civil Procedure 65(d), Paragraph (3) is plainly- an overreach of the district court’s authority to issue judgments only on the disputes before it. Similarly, portions of Paragraphs (4) .and (5) that impose affirmative obligations on Cooler Master related to the injunction are also improper.
The majority speculates about the relationship between Cooler Master and CMI but provides no basis' to justify the district court’s injunction against Cooler Master in its own capacity. .Indeed, there is none.
I
Courts are not legislatures. .We issue judgments only on the disputes before us that bind only the parties involved. As a consequence, it is a “general principle that a. non-party to. an action may not be enjoined in that action.” Additive Controls & Measurement Sys,, Inc. v. Flowdata, Inc., 96 F.Bd 1390, 1395 (Fed. Cir. 1996). For example, in Chase National Bank v. City of Norwalk, the Supreme Court vacated an injunction that bound “all persons to whom notice of the order of injunction should come......” 291 U.S. 431, 436, 54 S.Ct. 475, 78. L.Ed. 894 (1934) (internal quotation marks omitted). This, in the Court’s view, “violate[d] established principles of equity jurisdiction and procedure” because it “ma[d]e punishable as a contempt the conduct of persons who act independently and whose rights have not been adjudged according to law.” Id. at 437, 54 S.Ct. 475.
The only exception to this rule, codified in Federal Rule of Civil Procedure 65(d), is that an injunction may bind non-parties who are “in.active concert or participation with” parties to the action (or the parties’ officers, agents, servants, employees, and attorneys) “who receive actual notice of [the order] by personal service or otherwise.” This exception derives from common law principles regarding the power of courts in equity. In Alemite Manufacturing Corp. v. Staff, another case that vacated an injunction covering a non-party, Judge Learned Hand explained as follows:
[N]o court can make a decree which will bind any one but a party; a court of equity is as much so limited as a court of law; it cannot lawfully enjoin the world at large, no matter how broadly it words its decree. If it assumes to do so, the decree is pro tanto brutum fulmen, and the persons enjoined are free to ignore it. It is not vested with sovereign powers to declare conduct unlawful; its jurisdiction is limited to those over whom it gets personal service, and who therefore can have their day in court. Thus, the only occasion when a person not a party may be punished, is when he has helped to bring about, not merely what the decree has forbidden, because it may have gone too far, but what it has power to forbid, an act of a party. This means that the respondent must either abet the defendant, or must be legally identified with him. ‘
42 F.2d 832, 832-33 (2d Cir. 1930). In keeping with this rationale, Rule 65(d)’s “active concert or participation” condition has been interpreted to cover two general classes of non-parties: (1) aiders and abettors, and (2) those in privity with an enjoined party. See, e.g., Golden State Bottling Co. v. NLRB, 414 U.S. 168, 179-80, 94 S.Ct. 414, 38 L.Ed.2d 388 (1973).
Here, CMI is the adjudicated infringer. Accordingly, the district court had authority to enter an injunction against CMI and, *1369 pursuant to Rule 65(d), anyone in “active concert or participation” with CMI. For example, the district court can prohibit a third party from acting as a conduit through which CMI could sell its infringing products to United States customers (e.g., by operating a website where CMI places its products for sale or by acting as CMI’s distributor in the United States). The court exercised this authority in Paragraph (2) of the injunction, which is directed at “CMI USA, Inc. and its subsidiaries and affiliated companies (collectively defined as ‘CMI’), as well as CMI’s successors, assigns, officers,' directors, agents, servants, employees, representatives and attorneys, and‘ those persons in active concert or participation with them.” J.A. 152 (emphasis added). It should have stopped there..
Paragraph (3) of the injunction, however, goes much further. It enjoins Cooler Master—who, again; is not the adjudicated infringer—“from making, using, offering for sale or selling in the United States, or importing into the United States ... the Infringing Products.” Id, Paragraphs (4) and (5) further include requirements for Cooler Master to,’ respectively, provide notice of the court’s judgment to persons in “active concert or participation” with it and provide written notice with every sale of an infringing product. Id. These restrictions and obligations in Paragraphs' (3)—(5) are outside of the district court’s authority because they reach independent activity by Cooler Master.[2]
A court must restrict itself to “what it has power to forbid, an act of a party.” Alemite, 42 F,2d at 833. As we have recently explained, “[cjourts have carefully distinguished between entering an injunction against a nonparty, which is forbidden, and holding a non-party in contempt for aiding and abetting in the violation of an injunction that has been entered against a party, which is permitted.” Additive Controls, 96 F.3d at 1395. Thus, even a non-party “[hjaving a relationship to an enjoined party of the sort set forth in Rule 65(d) ... does not justify granting injunc-tive relief against the non-party in its separate capacity.”[3] Id. at 1395-96. “Unless duly summoned to appear in a legal proceeding,” one can “rest assured that a judgment recovered therein will not affect his legal rights.” Chase Nat’l Bank, 291 U.S. at 441, 54 S.Ct. 475.
■ In this case, the district court dismissed Asetek’s allegations against Cooler Master with prejudice in September 2014. From that point forward, the district court had the power to adjudicate but one source of potential liability: CMI’s alleged infringement of the ’362 and ’764 patents. Rule 65(d) permits the district court to enjoin Cooler Master only to the extent Cooler Master is aiding and abetting CMI’s acts of infringement or can be deemed its privy. There has been no adjudication that Cooler Master infringes, so there is no independent activity by Cooler Master that the district court has the power to enjoin. See Additive Controls, 96 F.3d at 1395 (holding that an injunction against entities *1370 in their separate capacity “cannot be justified as an application of Rule 65(d), since [such an injunction] does not govern [their] conduct solely as it relates to their activities in concert with an enjoined party”).
Therefore, the provisions in Paragraphs (3)—(5) of the injunction that reach Cooler Master in its own capacity must be vacated. Cooler Master should remain “entitled to contest [its] liability and the appropriateness of equitable relief in a lawsuit in which [it is] named as [a] part[y].” Id. at 1397.
II
The majority instead remands for further proceedings regarding the relationship between CMI and Cooler Master and keeps the problematic portions of the injunction in place in the interim. I disagree with that decision for several additional reasons.
Even though the majority asserts that it is not prejudging any facts regarding Cooler Master, it implicitly does so. It invites continued proceedings on matters that were never put, before a jury, based on evidence that was largely submitted for the first time after trial. Remanding this case creates additional burdens and expenses for the district court and the parties, particularly given the majority’s request for expedited proceedings. We should not interfere with how the district court adjudicates matters in the first instance.
Moreover, to the extent Asetek seeks recourse against Cooler Master, it should do so through other procedures. If Asetek believes Cooler Master is a privy to CMI, or is aiding and abetting CMI’s infringing activity, Asetek can pursue a contempt proceeding against Cooler Master. As discussed above, Cooler Master would be subject to contempt under Paragraph (2) of the injunction for such activity; there is no need for Paragraph (3). And if Asetek wishes to enjoin Cooler Master from independently infringing its patents, it can bring a separate suit against Cooler Master for patent infringement.[4] Curiously, notwithstanding its remand of this case to the district court, the majority does not disagree. Indeed, it urges Asetek to pursue this alternative course.
Equally problematic is the majority’s refusal to vacate the injunction in the interim. Aside from its implicit prejudgment of certain facts, the majority only purports to base its refusal to vacate the injunction on the absence of an explicit request for a stay and on maintaining the status quo. But Cooler Master has asked for all that it needs: from the district court, it sought a stay of the injunction against, it; and from this court, it sought vacature of the same. The status quo is no excuse to allow the injunction to remain in force either. Notably, the majority does n.ot bless the injunction wholesale—as it stands, the injunction is questionable at best. To maintain an injunction while asking the district court to review it puts the cart before the horse. The majority’s request for the district *1371 court to act “in as reasonably prompt a fashion as possible,” Majority Op. at 1367, does not fix the problem.
Ill
For the reasons above, I dissent from the majority’s decision to remand for further proceedings regarding the district court’s injunction and to keep the injunction in force in the meantime. The proper result would be to vacate the injunction with respect to Cooler Master—namely, striking Paragraph (3) and the corresponding language in Paragraphs (4) and (5). There is no need to remand for further proceedings, as they are neither necessary nor appropriate.

, Several months before trial, Asetele filed a voluntary stipulation to dismiss Cooler Master with prejudice, which the district court granted. Cooler Master later intervened for the limited purpose of suspending the injunction against it.

. The majority states that Cooler Master is not challenging various aspects of the injunction against it. Majority Op. at 1361-62. Regardless, there is no question that Cooler Master is challenging the portions of the injunction that reach it in its own capacity. ■ •

. Our decision in Aevoe Corp. v. ÁE Tech Co., 727 F.3d 1375 (Fed. Cir. 2013), is consistent. Although the district court in Aevoe modified its preliminary injunction to enjoin a non-party, we found that the modification fell within the “acting in concert” scope of the original injunction and, thus, was consistent with Rule 65(d). 727 F.3d at 1379, 1384. In addition, the modification occurred only after the patentee in that case had filed an amended complaint naming the non-party. Id. at 1379-80.

. The district court’s earlier dismissal of Ase-tek’s infringement claims against Cooler Master would not bar such a suit, as the post-trial "evidence” that Asetek cites (e.g., alleged ' sales to the United States through Cooler Master websites and alleged partnership with AMD) involve actions that' happened after the court entered judgment in Aseteles favor. See J.A. 8266-67, 8478-519 (post-trial "evidence" submitted by Asetek, dated June 29, 2015 and August 6, 2015); see also Aspex Eyewear, Inc. v. Marchon Eyewear, Inc., 672 F.3d 1335, 1342 (Fed. Cir. 2012) ("[A] party who sues a tortfeasor is ordinarily not barred by a prior judgment from seeking relief for discrete tor-tious action by the same tortfeasor that occurs subsequent to the original action.”).