NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PETER SGROMO, AKA PIETRO PASQUALE-ANTONIO SGROMO,**
*Plaintiff-Appellant*

**v.**

**TARGET BRANDS INC.,**
*Defendant-Appellee*

---

2021-1702

---

Appeal from the United States District Court for the District of Minnesota in No. 0:20-cv-01030-JRT-LIB, Judge John R. Tunheim.

---

Decided:  October 6, 2021

---

PETER SGROMO, Thunder Bay, Ontario, Canada, pro se.

JOHN S. ARTZ, Dickinson Wright PLLC, Ann Arbor, MI, for defendant-appellee.  Also represented by STEVEN A. CALOIARO, Reno, NV; JAMES J. LUKAS, JR., Greenberg Traurig, P.A, Chicago, IL.

---

Before LOURIE, O'MALLEY, and CHEN, *Circuit Judges*.

PER CURIAM.

Pietro Pasquale Antonio Sgromo appeals from a decision of the United States District Court for the District of Minnesota granting Target Brands, Inc.'s ("Target") motion to dismiss for lack of jurisdiction and denying Sgromo's motion for a preliminary injunction. *See Sgromo v. Target Brands, Inc.*, No. CV 20-1030, 2021 WL 632496 (D. Minn. Feb. 18, 2021). We *affirm*.

## BACKGROUND

Sgromo alleges that he owns U.S. Patents 7,046,440 ("the '440 patent"), 8,654,422 ("the '422 patent"), and 9,511,298 ("the '298 patent"), and the H2O-GO! trademarks. These patents and trademarks relate to pool decorations and structures, but their subject matter is not relevant here. The present action is not Sgromo's first attempt at asserting infringement of these patents and trademarks, and other courts have found that Sgromo does not own any of these patents or trademarks. For context regarding the present action, we briefly summarize the prior court decisions.

In April 2019, the District Court for the Northern District of California, in a suit brought in that court, found that Leonard Scott, not Sgromo, was the rightful owner of the '440 patent and enjoined Sgromo from filing any claim in federal or state court pertaining to royalty payments arising from use of this patent. *See Bestway (USA), Inc. et al. v. Sgromo et al.*, No. 17-CV-205, Dkt. No. 148 (N.D. Cal. Apr. 18, 2019); S.A. 53–54.[1] In September 2019, the District Court for the Eastern District of Texas dismissed Sgromo's complaint in that court for infringement of the '440 patent for lack of standing because Sgromo had not shown a written transfer of all substantial rights of the '440

---

[1]    "S.A." refers to the Supplemental Appendix filed with Target's brief.

patent to himself and because other district court proceedings had already concluded that he was not the owner of the '440 patent. *See Sgromo v. Bestway Enter. Co. Ltd.*, No. 19-CV-60, 2019 WL 4686719, at \*3 (E.D. Tex. Aug. 29, 2019), *R. & R. adopted*, 2019 WL 4673756, at \*1 (E.D. Tex. Sept. 25, 2019).

In 2019, the Northern District of California and Eastern District of Texas courts found that Sgromo failed to demonstrate ownership of the '298 patent. *See Sgromo*, 2019 WL 4686719, at \*4–5; J.A. 7.

In September 2019, the Eastern District of Texas court dismissed Sgromo's complaint for infringement of the '422 patent for lack of standing because Imperial Toy, LLC ("Imperial Toy") was assigned the rights to the '422 patent. *See Sgromo v. Imperial Toy LLC*, 2019 WL 4394565, at \*2 (E.D. Tex. Sept. 13, 2019). In November 2019, Imperial Toy filed for bankruptcy, and despite Sgromo asserting that he was the rightful owner of the '422 patent, the bankruptcy court overruled Sgromo's objection and approved the sale of the '422 patent free and clear of any claim by Sgromo. J.A. 21–22; S.A. 76, 101.

Finally, the Eastern District of Texas court found that Sgromo did not show that he was the owner of the H2O-GO! trademarks. *See Sgromo*, 2019 WL 4686719, at \*5–6.

Thus, other tribunals had determined that Sgromo lacked ownership of the patents and trademark sufficient to bring suit on them.

In the present case Sgromo sued Target in the United States District Court for the District of Minnesota for infringement of the '440, '422, and '298 patents, and the H2O-GO! trademarks. J.A. 3–4. Sgromo alleged that Wide Eyes Marketing, Ltd. ("WEM"), a company owned and operated by Sgromo, acquired ownership of the '440 patent on December 10, 2010. J.A. 4. In May 2013, WEM granted a non-exclusive license to Bestway (Hong Kong)

International Ltd. and Bestway (USA), Inc. (collectively, "Bestway"). *Id.* Bestway then terminated the license in March 2017. *Id.* As a result, Sgromo claimed that the '440 patent exclusively reverted to WEM. *Id.* In April 2020, Sgromo filed a purported assignment from WEM to himself in the U.S. Patent and Trademark Office ("USPTO"). S.A. 244–48.

Regarding the '422 patent, Sgromo alleged that he licensed this patent to Imperial Toy but that the license terminated due to non-payment of royalties and all rights in the '422 patent reverted to him. J.A. 4–5. In March 2020, Sgromo filed a "corrective assignment" which he claimed showed that the rights in the '422 patent reverted to him. J.A. 30. As for the '298 patent, Sgromo claimed that he licensed the patent to Bestway in 2013, Bestway terminated the license in 2017, and all rights reverted to him. *Id.* And, regarding the H2O-GO! trademarks, Sgromo alleged that he granted a non-exclusive license to the trademarks to Bestway, but Bestway terminated the agreement in March 2017, and the rights exclusively reverted to him. *Id.* In April 2020, Sgromo filed documents that he alleged are assignments of the H2O-GO! trademarks. S.A. 305–10.

Shortly after bringing suit, Sgromo filed a motion for a preliminary injunction. S.A. 344. Target then moved to dismiss the case for lack of subject matter jurisdiction.

A magistrate judge issued a report and recommendation that recommended granting Target's motion to dismiss and also recommended denying Sgromo's motion for a preliminary injunction. J.A. 8. The magistrate judge found that WEM, not Sgromo, owned the '440 patent. J.A. 26–29. WEM then assigned the patent to Scott. *Id.* This meant that, Scott, not Sgromo, held all the rights to the '440 patent and these rights never reverted to WEM or were later assigned to Sgromo, as Sgromo claimed. *Id.*

With regard to the '422 patent, the magistrate judge found that although Sgromo was listed as an inventor,

Imperial Toy was the assignee of the patent and held all ownership rights to the patent. J.A. 29–31. With regard to the '298 patent, the magistrate judge found that although Sgromo was listed as an inventor, Eureka Inventions was the original assignee of the patent and then assigned all ownership rights to Bestway. J.A. 31–33. With regard to the H2O-GO! trademarks, the magistrate judge found that the trademarks were issued to and owned by Bestway and that Sgromo failed to demonstrate that he held any ownership rights over these trademarks. J.A. 33–35. The magistrate judge also found that Sgromo's purported assignments for the '422 and '440 patents and the H2O-GO! trademarks were not actual assignment documents but instead declarations and a notice of recordation with no legal effect. J.A. 26–35.

Because Sgromo lacked ownership of any of the asserted patents and trademarks, the magistrate judge recommended granting Target's motion to dismiss for lack of subject matter jurisdiction on the ground that Sgromo lacked standing to assert claims for infringement. J.A. 41. In addition, because Sgromo also failed to demonstrate that he had a fair chance of prevailing on any of his claims, the magistrate judge recommended denying Sgromo's motion for a preliminary injunction. J.A. 41–42. Judge John Tunheim adopted the report and recommendation and dismissed the claims. J.A. 2–14.

Sgromo then filed the present notice of appeal to this court, appealing the district court's grant of Target's motion to dismiss and denial of Sgromo's motion for a preliminary injunction. S.A. 433. We have jurisdiction under 28 U.S.C. § 1291.

## DISCUSSION

We review a grant or denial of a motion to dismiss for lack of standing *de novo*, but the underlying facts used to support the decision are reviewed for clear error. *See Hewlett-Packard Co. v. Acceleron LLC*, 587 F.3d 1358, 1361

(Fed. Cir. 2009). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Gypsum Co.*, 333 U.S. 364, 395 (1948).

Because the grant, denial, or modification of a preliminary injunction is not unique to patent law, we apply the regional circuit law when reviewing and interpreting such decisions. *See, e.g.*, *Aevoe Corp. v. AE Tech Co.*, 727 F.3d 1375, 1381 (Fed. Cir. 2013). The Eighth Circuit reviews a district court's decision granting or denying a preliminary injunction for abuse of discretion. *See Barrett v. Claycomb*, 705 F.3d 315, 320 (8th Cir. 2013). A district court abuses its discretion by basing its decision, *inter alia*, on an erroneous legal standard or clearly erroneous findings of fact. *Id.*

Sgromo argues that the district court erred by failing to properly apply contract law in interpreting the assignments and corresponding ownership of the patents and trademarks at issue in this case. Target contends that this argument is baseless because the court did not engage in any contract interpretation. We agree with Target. The court did not engage in any contract interpretation in finding that Sgromo did not own any of the patents or trademarks at issue. To the extent that Sgromo contends that the court erred in finding that he did not have ownership of the patents and trademarks at issue, we disagree.

Sgromo did not hold ownership of any of the patents or trademarks when he asserted them. At all relevant times, as indicated by publicly available assignment forms, Scott, Bestway, or Imperial Toy owned the '422, '440, and '298 patents and the H2O-GO! trademarks. *See* J.A. 26–35, 63; S.A. 111–22, 170–75. Although Sgromo is listed as an inventor on the '298 and '422 patents, he had assigned them to others and lacked ownership of these patents when he attempted to sue on them. In addition, the purported

assignments Sgromo filed for the '422 patent, '440 patent, and H2O-GO! trademarks have no legal effect. *See* 37 C.F.R. § 3.54 ("The recording of a document . . . is not a determination by the Office of the validity of the document or the effect that document has on the title to an application, a patent, or a registration.").

The district court's findings regarding ownership in the present case are consistent with those of the other courts that have found that Sgromo holds no ownership rights to the '422, '440, and '298 patents and the H2O-GO! trademarks. Because Sgromo lacked ownership of the patents and trademarks at issue when he brought this suit, he lacks standing to assert his claims for infringement. *See Paradise Creations, Inc. v. UV Sales, Inc.*, 315 F.3d 1304, 1309 (Fed. Cir. 2003) ("[T]o assert standing for patent infringement, the plaintiff must demonstrate that it held enforceable title to the patent *at the inception of the lawsuit*.") (emphasis in the original). We therefore affirm the court's dismissal of Sgromo's action.

Sgromo also asserts infringement of U.S. Patent 9,069,243 for the first time on appeal. This patent was not asserted against Target at the district court and cannot be raised for the first time on appeal. *See Sage Prods., Inc. v. Devon Indus., Inc.*, 126 F.3d 1420, 1426 (Fed. Cir. 1997) ("With a few notable exceptions . . . appellate courts do not consider a party's new theories, lodged first on appeal. If a litigant seeks to show error in a trial court's overlooking an argument, it must first present that argument to the trial court.").

In light of our affirmance of the dismissal of Sgromo's action, the portion of the district court's decision addressing Sgromo's motion for a preliminary injunction is moot. Thus, we do not address Sgromo's appeal from that portion of the court's decision.

CONCLUSION

For the foregoing reasons, the decision of the district court is *affirmed*.

**AFFIRMED**

COSTS

Costs are awarded to Target.